IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Christina Carraha,

      Plaintiff,

vs.

Weston Med Spa & Cosmetic Surgery,
LLC,

      Defendant.

_____/

Case No. 6:22-cv-01755
Class Representation
Jury Trial Demanded

## CLASS ACTION COMPLAINT

### INTRODUCTION

1.    Like most Americans, Christina Carraha ("Christina") has a mobile residential telephone.

2.    Being mobile, Christina, and members of the classes, take their phones everywhere. Christina, and members of the classes, uses their phones to receive and make important calls, to get emergency information, and to receive and send text messages to family members and friends. Christina, and members of the classes, uses their phones regularly for personal enjoyment.

3.    But Christina's, and class members', privacy and phones are both being invaded by the text messages of Defendant Weston Med Spa & Cosmetic Surgery, LLC ("Weston").

4.     Christina, and class members, have no direct relationship with Defendant, have no account with Defendant, and have never consented to Defendant sending any type of telemarketing.

5.     "Robocalls and robotexts are nuisances. Congress banned them in the Telephone Consumer Protection Act of 1991 ('TCPA'). But as every American knows, there are companies—like the defendant in this case—who refuse to get that message while collectively sending millions of others." *Cranor v. 5 Star Nutrition, L.L.C.*, 998 F.3d 686, 688 (5th Cir. 2021).

6.     Christina brings this action for herself and for other similarly situated Florida residents to enjoin these abusive practices, and for damages.

## PARTIES

7.     Christina Carraha is a resident of Seminole County, Florida.

8.     Weston Med Spa & Cosmetic Surgery, LLC is a limited liability corporation, whose principal place of business is in Weston, Florida.

## JURISDICTION

9.     This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the TCPA. 47 U.S.C § 227.

10.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a significant portion of the events giving rise to this lawsuit occurred in this District.

11.     This Court has supplemental jurisdiction over Christina's FTSA claims pursuant to 28 U.S.C. § 1367.

## FACTS

12.     Christina's privacy and phone have been invaded by the non-emergency telemarketing texts from Defendant.

13.     Christina is the residential subscriber of the cell phone number 954-383-3896, which phone she uses for personal use.

14.     Christina registered 954-383-3896 on the DNCR to stop telephone solicitations on December 6, 2012.

15.     Defendant knowingly and willfully texted Christina multiple times to advertise consumer spa services.

16.     Some of the messages that Christina received and reviewed are as follows:

> A.     Take advantage of our FREE face/body consults. Call for assistance and an appointment at 954-507-4494 https://www.westonmedspa.com https://www.dranghelobgyn.com Reply STOP to opt out
>
> Sent on May 1, 2022 from number 904-339-6135
>
> B.     Take advantage of our FREE face/body consults. Call for assistance and an appointment at 954-507-4494 https://www.westonmedspa.com https://www.dranghelobgyn.com Reply STOP to opt out
>
> Sent on June 1, 2022 from number 904-339-6135

C.      Take advantage of our FREE face/body consults. Call for assistance and an appointment at 954-507-4494 https://www.westonmedspa.com https://www.dranghelobgyn.com Reply STOP to opt out Sent on July 1, 2022 from number 904-339-6135

D.      Take advantage of our FREE face/body consults. Call for assistance and an appointment at 954-507-4494 https://www.westonmedspa.com https://www.dranghelobgyn.com Reply STOP to opt out

Sent on August 1, 2022 from number 904-229-6135

17.    The purpose of the text messages was to sell various products and/or services.

18.    Christina believes that she has received at least one message each month since 2018.

19.    Christina did not request or consent to telemarketing text messages from Defendant.

20.    On multiple occasions, Christina attempted to opt out of the texts, by sending a text saying "Stop" to number 904-339-6135, but she has received text messages after those requests to stop the texts.

21.    The texts were sent using an automated system for the selection or dialing of telephone numbers. This is based on the following facts:

i.    the text messages were not personalized;

ii.    Christina has no direct relationship with Defendant;

4

iii.   The texts were not in response to any action Christina had

taken;

iv.   The texts did not name the sender or the entity on whose behalf

the messages were sent;

v.   The texts were sent at regular intervals on the first day of a new

month; and

vi.   The texts provided mechanical opt-out instructions, something

automated systems do, but the opt outs were ignored.

22.   On information and belief, Defendant has sent text messages like
these to at least hundreds of people.

23.   These texts messages have caused Christina frustration and stress. She
cannot get the texts to stop. She has wasted time reviewing and responding to the
texts. The texts cause Christina to avoid looking at her phone when it may be
important. The texts reduce the storage and battery life on Christina's phone. The
texts dimmish the value of Christina's phone and Christina's enjoyment of life. In
short, the texts invade Christina's privacy and cause a nuisance, an annoyance and
an intrusion into Christina's seclusion.

## LEGAL STANDARD

24.   **National Do Not Call Registry.** Residential telephone subscribers
who do not want to receive telephone solicitations may place their phone number

on the National Do Not Call Registry ("DNCR"). 47 C.F.R. § 64.1200(c). The

TCPA proscribes callers from making "any telephone solicitation to… [a]

residential telephone subscriber who has registered his or her telephone number on

the national do-not-call registry." 47 C.F.R. § 64.1200(c)(2). A "subscriber's

seller-specific do-not-call request… terminates an established business

relationship…even if the subscriber continues to do business with the seller." See

also 47 C.F.R. 64.1200(f)(5)(i).

25.    **Internal Do Not Call Requests.** "No person or entity shall initiate

any call for telemarketing purposes to a residential telephone subscriber unless

such person or entity has instituted procedures for maintaining a list of persons

who request not to receive telemarketing calls made by or on behalf of that person

or entity." 47 C.F.R. § 64.1200(d). The minimum standards for the procedures

require the caller to: (1) have a "written policy, available upon demand, for

maintaining a do-not-call list;"(2) training in the "existence and use of the do-not-

call list;" (3) recording of the name and telephone number of the persons making

do-not-call requests at the time the request is made; (4) honoring the request within

a reasonable time not to exceed thirty days; (5) provide the called party with the

"name of the individual caller, the name of the person or entity on whose behalf

the call is being made, and a telephone number or address at which the person or

entity may be contacted"; (6) maintain a record of the do-not-call requests to honor the request for five years.

26.    **Applicability of Florida Law.** The Florida Telephone Solicitation statute applies to businesses that "conduct telephonic sales calls from a location in Florida." Florida Statutes § 501.059(1)(e).

27.    **Autodialed call/texts.** Pursuant to Florida law, "[a] person may not make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Florida Statues § 501.059(8).

28.    **Text messages are calls.** The term "Telephonic sales call" is defined to include telephone calls, text messages or voicemail transmissions. Florida Statues § 501.059(1)(j).

29.    **Florida Do Not Call Registry**. Any residential, mobile, or telephonic paging device subscriber can notify the Florida Department of Agriculture and Consumer Services of "his or her desire to be placed on a 'no sales solicitation calls' listing indicating that the subscriber does not wish to receive unsolicited telephonic sales calls." Florida Statues § 501.059(3)(a). No person or business shall make or cause to be made any unsolicited telephonic sales call to any residential, mobile, or telephonic paging device telephone number if the number

for that telephone appears in the then-current quarterly listing published by the

Florida Department of Agriculture and Consumer Services. Florida Statues §

501.059(4). The listing of the Florida Department of Agriculture and Consumer

Services is to include the national database established by the Federal Trade

Commission. Florida Statues § 501.059(3)(d).

30.     **Florida Opt Out Requests.** Florida law prohibits telephone solicitors

from calling anyone that has "previously communicated that they do not wish to

receive a telephone call." Florida Statues § 501.059(5).

## CLASS ACTION ALLEGATIONS

31.     Pursuant to Civ. R. 23(b)(2) and 23(b)(3) of the Federal Rules of Civil

Procedure, Christina brings this action on behalf of herself and four Classes of

persons similarly situated in order to remedy the ongoing unlawful business

practices alleged herein and to seek redress on behalf of all those persons who have

been harmed thereby, including injunctive relief.

32.     Christina proposes the following classes:

**Do Not Call Class**
All people in the United States to whom (1) Defendant initiated the
sending of more than one telemarketing text message within any
twelve-month period, (2) to their cellular telephone number, (3) while
that number was listed on the national Do Not Call Registry, (4)
within four years from the filing of this action through the date of
class certification.

**The Internal DNC Class**. All persons throughout the United States
(1) to whom Defendant initiated the sending of more than one

telemarketing text message to their cellular telephone in a twelve-month period, (2) where Defendant initiated any call without instituting procedures for maintaining a list of persons who request not to receive telemarketing calls and/or texts, (3) in the four years before the filing of this action through the date of class certification.

**Florida Automated Texts Class**

All Florida residents (1) with telephone numbers having a Florida area code, (2) to whom Defendant initiated the sending of a text message, (3) using the same equipment or type of equipment utilized to call Christina, (4) since July 1, 2021, through the date of class certification.

**Florida Do Not Call Class**

All Florida residents (1) with telephone numbers having a Florida area code, (2) to whom Defendant initiated the sending of a telemarketing text message to their cellular telephone, (3) while the number was listed on either or both the state or the national Do Not Call Registry, (4) since July 1, 2021, through the date of class certification.

**Florida Failure to Honor Opt Out Class**

All Florida residents (1) with telephone numbers having a Florida area code, (2) to whom Defendant initiated the sending of a telephone solicitation text message to their cellular telephone, (3) after receiving a request to stop or language communicating the recipient's desire to not receive telemarketing text messages, (4) since July 1, 2021, through the date of class certification.

33.     A member of a class may sue as a representative party if the member satisfies Federal Rule of Civil Procedure 23(a)'s four prerequisites: numerosity, commonality, typicality, and adequacy of representation. Fed. R. Civ. P. 23(a).

34.     If Rule 23(a) is satisfied, a putative class representative must also show that the class falls into one of three categories under Rule 23(b). Fed. R. Civ. P. 23(b). For a Rule 23(b)(3) class, a plaintiff must make two further showings. First, a plaintiff must show that questions of law or fact common to class members

predominate over any questions affecting only individual class members. *Id*.
Second, a plaintiff must demonstrate class action is superior to other available
methods for adjudicating the controversy.

35.    **Numerosity.** A proposed class satisfies the numerosity requirement if
class members are so numerous that joinder of all members would be
impracticable. Fed. R. Civ. P. 23(a)(1). The numerosity requirement is not tied to
any fixed numerical threshold. In general, courts find the numerosity requirement
satisfied when a class includes at least forty members. Here, the Classes are so
numerous that joinder of all members would be impracticable. The exact size of
the Classes and the identity of the members are readily ascertainable from business
records and likely number in at least the thousands.

36.    **Commonality.** A proposed class satisfies Rule 23's commonality
requirement if there is at least one question of fact or law common to the class.
Fed. R. Civ. P. 23(a)(2). It is not a high standard. The claims must depend upon a
common contention such that the determination of its truth or falsity will resolve
an issue that is central to the validity of each claim in one stroke. The Supreme
Court has said the word "question" in Rule 23(a)(2) is a misnomer: What matters
to class certification is not the raising of common questions but, rather, the
capacity of a class-wide proceeding to generate common answers apt to drive the
resolution of the litigation.

37.    There are questions of law and fact common to the proposed classes. These questions include, *inter alia*:

      i.    Whether they received a text message from Defendant;

      ii.    Whether an automated system for the selection or dialing of the telephone number was used;

      iii.    Whether the number was registered on the state or federal Do Not Call Registry;

      iv.    Whether the text messages identified the sender and/or the business on whose behalf the message was sent;

      v.    Whether a class member sent a reply communicating their desire to not receive further telemarketing messages;

      vi.    Whether Defendant's actions were willful or knowing; and

      vii.    Whether Defendant obtained prior express written consent for automated messages.

38.    **Typicality.** A proposed class representative's claims and defenses must also be typical of the class. Fed. R. Civ. P. 23(a)(3). The Supreme Court has recognized that the commonality and typicality requirements of Rule 23(a) tend to merge. Typicality refers to the nature of the claim or defense of the class representative and not to the specific facts from which it arose, or the relief sought.

Representative claims are typical if they are reasonably coextensive with those of absent class members; they need not be substantially identical.

39.     Christina's claims herein are typical of those of the Classes she seeks to represent. Christina's and the Class members' claims arise from the same conduct of Defendant: text messages sent to people, sent using an automated system without express written consent, to numbers on the DNCR and/or continuing after an opt-out or Stop request was made.

40.     **Adequacy of Representation.** The final prerequisite under Rule 23(a) requires that the Court must be satisfied that the representative party will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(4). This overlaps in practice with the requirement under Rule 23(g) that class counsel must adequately represent the interests of the class. Fed. R. Civ. P. 23(g). The inquiry under Rule 23(a)(4) asks two questions: (1) Does the representative plaintiff and their counsel have any conflicts of interest with other class members, and (2) will the representative plaintiff and their counsel prosecute the action vigorously on behalf of the class? Christina is an adequate representative of the Classes because her interests are common with the interests of the Classes, and she will fairly and adequately protect the interests of the Classes by pursuing this matter. Christina is represented by counsel competent and experienced in TCPA and class action litigation.

12

41.     **Predominance of Common Questions and Superiority.** A plaintiff may bring a class action under Rule 23(b)(3) only where questions of law or fact common to the class predominate over questions affecting only individual members. Fed. R. Civ. P. 23(b)(3). If liability can be determined at a class-wide basis, common issues predominate. This is true even if, at the damages stage, there remain non-injured class members and individualized damages calculations are required. The final determination a court must make to certify a Rule 23(b)(3) class is that class action would be superior to individual actions in fairly and efficiently resolving the claims presented in this matter. Rule 23 enumerates four factors pertinent to determining whether class action is the superior method of litigation. First, the class members' interests in individually controlling the prosecution or defense of separate actions. Fed. R. Civ. P. 23(b)(3)(A). Second, the extent and nature of any litigation concerning the controversy already begun by or against class members. Fed. R. Civ. P. 23(b)(3)(B). Third, the desirability or undesirability of concentrating the litigation of the claims in the particular forum. Fed. R. Civ. P. 23(b)(3)(C). Finally, the likely difficulties in managing a class action. Fed. R. Civ. P. 23(b)(3)(D). Where class-wide litigation will reduce litigation costs and promote greater efficiency, a class action may be the superior method of litigation.

42.     The questions of law and fact common to the class members predominate over questions affecting only individual members. A class action is

superior to multiple individual suits because it conserves judicial resources, promotes consistency and efficiency of adjudication, and deters illegal activities. The interest of individual members of the Classes in individually controlling the prosecution of separate claims against Defendants are small because the damages in an individual action for violation of the TCPA and the Florida Telephone Solicitation Act are small. Christina is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

43.    Managing this case as a class action should have no significant difficulties. The law applicable to each putative class member is identical. The facts are too. Ultimately, the basic questions in this case are the same for all class members. For The Automated Texts Class, the question for all members is whether Defendant sent text messages without authorization using an automated system for the selection or dialing of telephone numbers to be texted. For the Do Not Call classes, the question for all members is whether they registered their number on a Do Not Call Registry. For the Internal Do Not Call Class, the question for all members is whether Defendant sent text messages without instituting procedures for maintaining a list of persons who request not to receive telemarketing calls and/or texts. For the Florida Failure to Opt Out Class, the question is whether Defendant initiated calls to persons that had indicated to Defendant that they did

not wish to receive calls. The common answer to these questions will determine Defendant's liability. Precedent demonstrates that these questions can be litigated on a class-wide basis.

## FIRST CAUSE OF ACTION
### Violations of 47 U.S.C. § 227(c) & 47 C.F.R. § 64.1200(c)(2)
### (On Behalf of Christina and the Do Not Call Class)

44.　Christina restates and realleges the allegations of paragraphs 1-30 as if fully stated herein.

45.　Defendant's telephone solicitations to the residential cellular telephones of Christina, and members of the Do Not Call Class, while on the National Do Not Call Registry constitute a violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(2).

46.　As a result of each violation of 47 C.F.R. § 64.1200(c)(2), Christina and members of the Do Not Call Class have been damaged and are entitled to an award of $500.00 in statutory damages for each violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

47.　Because the violations were knowing and willful, the Court should award $1,500.00 in statutory damages for each violation, pursuant to 47 U.S.C. § 227(c)(5)(B)-(C).

48.    Christina and members of the Do Not Call Class are also entitled to and seek injunctive relief, pursuant to 47 U.S.C. § 227(c)(5)(A), prohibiting Defendant from making telephone solicitations to phone numbers on the DNCR.

**SECOND CAUSE OF ACTION**
**Violations of 47 C.F.R. § 64.1200(d)**
**(On Behalf of Christina and the Internal Do Not Call Class)**

49.    Christina restates and realleges the allegations of paragraphs 1-30 as if fully stated herein.

50.    Defendant's failure to timely honor the opt-out requests of Christina and members of the Internal Do Not Call Class constitutes a violation of 47 C.F.R. § 64.1200(d).

51.    As a result of Defendant's violation of 47 C.F.R. § 64.1200(d), Christina and members of the Internal Do Not Call Class have been damaged and are entitled to an award of $500.00 in statutory damages for each violation.

52.    Because Defendant knowingly and willfully violated 47 C.F.R. § 64.1200(d), the Court should treble the $500.00 per violation award to $1,500.00 per violation in statutory damages.

53.    Christina and members of the Internal Do Not Call Class are also entitled to and seek injunctive relief requiring Defendant to implement procedures that ensure Defendant honors opt-out requests.

**THIRD CAUSE OF ACTION**
**Violation of Florida Statutes § 501.059(8)(a)**
**(On Behalf of Christina and the Florida Automated Texts Class)**

54.     Christina restates and realleges the allegations of paragraphs 1-30 as if fully stated herein.

55.     Defendant used an automated system for the selection and dialing of telephone numbers to send telemarketing text messages to Christina and the members of the Florida Automated Texts Class, without prior express written consent, in violation of Florida Statutes § 501.059(8)(a).

56.     As a result, Christina and members of the automated texts class have been damaged and are entitled to an award of $500.00 in statutory damages for each violation pursuant to Florida Statutes § 501.059(10)(a).

57.     Because the violations were willful and knowing, the Court should award $1,500.00 in statutory damages, pursuant to Florida Statutes § 501.059(10)(b).

58.     Christina and members of the Automated Texts Class are also entitled to injunctive relief prohibiting Defendant from using an automated system for the selection or dialing of telephone numbers when sending telemarketing text messages without the prior express written consent of the party to whose number the text is sent.

## FOURTH CAUSE OF ACTION
### Violation of Florida Statutes § 501.059(4)
### (On Behalf of Christina and Florida Do Not Call Class)

59.     Christina restates and realleges the allegations of paragraphs 1-30 as if fully stated herein.

60.     Defendant's telephone solicitations via text message to the cellular telephones of Christina, and members of the Florida Do Not Call Class, while on the Florida or National Do Not Call Registry constitutes a violation of Florida Statutes § 501.059(4).

61.     As a result of the violation of Florida Statutes § 501.059(4), Christina and members of the Do Not Call Class have been damaged and are entitled to an award of $500.00 in statutory damages for each violation, pursuant to Florida Statutes § 501.059(10)(a).

62.     Because the violations were knowing and willful, the Court should award $1,500.00 in statutory damages for each violation, pursuant to Florida Statutes § 501.059(10)(b).

63.     Christina and members of the Do Not Call Class are also entitled to and seek injunctive relief prohibiting Defendant from sending telephone solicitations via text messages to phone numbers on either the State of Florida Do Not Call Registry or the National Do Not Call Registry.

**FIFTH CAUSE OF ACTION**
**Violation of Florida Statutes § 501.059(5)**
**(On Behalf of Christina and the Florida Failure to Honor Opt Out Class)**

64.     Christina restates and realleges the allegations of paragraphs 1-30 as if fully stated herein.

65.     Defendant's sending of telemarketing text messages to Christina and members of the Florida Failure to Honor Opt Out Class after Christina and the class members had communicated their wish to not receive such text messages constitutes a violation of Florida Statutes § 501.059(5).

66.     As a result of the violations of Florida Statutes § 501.059(5), Christina and members of the Failure to Identify Class have been damaged and are entitled to an award of $500.00 in statutory damages for each violation, pursuant to Florida Statutes § 501.059(10)(a).

67.     Because the violations were willful and knowing, the Court should increase the award to $1,500.00 in statutory damages per violation, pursuant to Florida Statutes § 501.059(10)(b).

68.     Christina and members of the Florida Failure to Honor Opt Out Class are also entitled to and seek injunctive relief, prohibiting Defendant from sending telemarketing text messages to any number that has communicated to Defendant that they do not wish to receive telemarketing, whether that communication is through a reply text, or otherwise.

WHEREFORE, Christina respectfully requests the following relief:

A.   Certification of the proposed classes;

B.   Appointment of Christina as class representative;

C.   Appointment of the undersigned as counsel for the classes:

D.   An order enjoining Defendant from an automated system for the selection or dialing of telephone numbers when sending telemarketing text messages without the prior express written consent of the party to whose number the text is sent;

E.   An order enjoining Defendant from sending telephone solicitations via text messages to phone numbers on the DNCR;

F.   An order enjoining Defendant from sending telemarketing text messages to any number that has replied "Stop" or otherwise communicated to Defendant or Defendant's agents that the person does not wish to receive telemarketing;

G.   An award of statutory damages to Christina and the Classes;

H.   An award of reasonable attorney fees and costs pursuant to Florida Statutes § 501.059(11); and

I.   Orders granting such other relief as the Court deems necessary, just and proper.

## JURY DEMAND

Christina requests a jury trial as to all claims of the Complaint so triable.

Dated: September 23, 2022

/s/ *John Kauffman*
John Kauffman
Fl. Bar # 538205
LawHQ, PC
299 S. Main St. #1300
Salt Lake City, UT 84111
Telephone: (385) 285-1090
john.kauffman@lawhq.com
Attorney for Plaintiff