# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

CHRISTINA CARRAHA,

    Plaintiffs,

v.

                              Case No. 6:22-cv-1755-WWB-EJK

WESTON MED SPA & COSMETIC
SURGERY, LLC,

    Defendants.

_____/

## DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S PRAYER FOR ATTORNEYS' FEES

Defendant, Weston Med Spa & Cosmetic Surgery, LLC, by and through undersigned counsel, and in accordance with the Rules Regulating the Florida Bar 4-5.4, hereby moves that this Court strike the prayer for attorneys' fees Plaintiff seeks in her Complaint (D.E. – 1), and bar any remuneration from going to Plaintiff's Counsel's Firm, as it is in violation of the Rules Regulating the Florida Bar, and not authorized to practice in Florida, and in support of which states:

### SUMMARY OF ARGUMENT

Plaintiff's Counsel's Firm is splitting fees with non-lawyers, 50% or more non-lawyer owned, managed by non-lawyers, and is listed by the Utah Supreme Court as a Software Provider with lawyer involvement. (See, Ex. A).

Plaintiff's Counsel's Firm may practice law in Utah, for the benefit of Utah Citizens. This is because Plaintiff's Counsel's Firm is registered as a software

1

provider eligible to practice Utah law, as part of a special program in Utah called the "Sandbox." (See, Ex. B).

There is no similar program in Florida, allowing the practice of law by software providers, or to split profits with same, nor are there any Utah Citizens involved as parties to the litigation. On the contrary, Florida law and the Florida rules of ethics demand compliance with the prohibition of fee sharing with non-attorneys. Plaintiff's Counsel's firm is illegally structured when it comes to practicing law in Florida. The software provider is only licensed by the Utah Supreme Court to provide services to Utah's Citizens, in Utah.

Hence, Plaintiff's Counsel's Firm, is not eligible to practice law in front of this Honorable Court. Plaintiff's Counsel, himself, is a member of the Florida Bar, and the Middle District of Florida Bar, and must abide by both of their rules. Defendants move that the Plaintiff's Counsel's firm be denied fees, or any remuneration even if from claims in which they take a contingent percentage of the recovery.

## MEMORANDUM OF LAW

### I. Plaintiff's Counsel's Business Model is in Clear Violation of Rule Regulating the Florida Bar 4-5.4

Rule Regulating the Florida Bar 4-5.4 is broken in several ways, and, therefore, the Plaintiff's Counsel's Firm is not entitled to practice before this Court, nevertheless collect remuneration from such representation.

"A lawyer or law firm shall not share legal fees with a nonlawyer. . .." RRFB 4-5.4(a). "As Rule 4-5.4(a) of the Rules Regulating the Florida Bar commands, "A lawyer or law firm shall not share legal fees with a nonlawyer" except in limited circumstances not applicable here. *Johnson v. Ocaris Management Grp. Inc.*, No. 18-CV-24472-JEM, 2019 WL 13235834, at *8 (S.D. Fla. Aug. 23, 2019), aff'd in part, dismissed in part sub nom. *Johnson v. 27th Ave. Caraf, Inc.*, 9 F.4th 1300 (11th Cir. 2021).

> The only fee arrangement was with Merrill who charged $10,000 for "his services." Be as it may, there is no question that Merrill's handling of this Chapter 7 case was **totally improper and a violation of every possible rule governing the conduct of an attorney, including . . . the ethical rules which govern attorneys in general and prohibit fee sharing with a non-attorney**.

*In re Knights Groceries, Inc.*, 190 B.R. 966, 968 (Bankr. M.D. Fla. 1996) (Emphasis Added).

RRFB 4-5.4(e) further provides,

> (e) Nonlawyer Ownership of Authorized Business Entity. A lawyer shall not practice with or in the form of a business entity authorized to practice law for a profit if:
> (1) a nonlawyer owns any interest therein, except that a fiduciary representative of the estate of a lawyer may hold the stock or interest of the lawyer for a reasonable time during administration; or
> (2) a nonlawyer is a corporate director or officer thereof or occupies the position of similar responsibility in any form of association other than a corporation; or
> (3) a nonlawyer has the right to direct or control the professional judgment of a lawyer.

3

First, RRFB 4-5.4(a) clearly prohibits the sharing of fees by lawyers with non-lawyers, an inevitability in this action, because the Utah Supreme Court lists the Plaintiff's Firm's Counsel as partially owned by non-lawyers. Plaintiff fails to comply with this rule of ethics.

Second, Plaintiff's Counsel's Firm is not just in violation of fee splitting prohibitions. Plaintiff's Counsel's Firm is in violation of RRFB 4-5.4(e), which prohibits a lawyer from working for a firm which is in any part owned by a non-lawyer. Non-lawyers own more than half of Plaintiff's Counsel's Firm. (*See* Ex. A)

Third, RRFB 4-5.4(c), specially forbids the Plaintiff's Counsel's Firm's practices, "(c) **Partnership with Nonlawyer.** A lawyer shall not form a partnership with a nonlawyer if any of the activities of the partnership include the practice of law." RRFB 4.5-4(c). As a software provider, the Plaintiff's Counsel's Firm clearly violates this rule as a "software provider with lawyer involvement." (See Ex. A).

Plaintiff's Counsel's prayer for attorney's fees must therefore be stricken in its entirety throughout the Complaint. There is no colorable argument that Plaintiff's Counsel should be entitled to attorney's fees under a Florida statute that contemplated the award of fees to attorneys, not non-lawyers such as Plaintiff's Counsel's Firm. Plaintiff's Counsel seeks to reap the benefits of a Florida forum, Florida statutes, and Florida residents, when his firm egregiously fails to comply with the rules regulating the Florida Bar and Florida law. Should Plaintiff succeed

4

on the merits, which she will not, Plaintiff's Counsel's award of attorney's fees will inevitably pour into the non-lawyers in his firm. This outcome is "totally improper and a violation of every possible rule governing the conduct of an attorney" in Florida. This Court should therefore grant Defendant's Motion to Strike.

## II.   Being Part of Utah's "Sandbox" is Not Authorization for a Software Provider, to Practice Law In Florida.

Plaintiff's Counsel's practice model is in violation of RRFB 4-5.4, and 4-1.5[1], in multiple ways. Nevertheless, the Plaintiff petitions this Court for fees pursuant to Florida Law, without following Florida Law. This cannot be allowed, and, therefore, Defendant moves to strike the Plaintiff's Prayer for Attorney's Fees and prevent Plaintiff's Counsel's Firm from collecting any remuneration from the instant action, even if the Plaintiff recovers damages.

This is because the Firm, Law HQ, is authorized to serve The Citizens of Utah as part of what they call the Utah Sandbox. *See* Ex. B. The Utah Sand Box allows businesses to practice law, despite being owned, and managed, by nonlawyers. *Id.* Utah may be able to authorize the provision of legal services to its citizens by non-lawyers, and the splitting of fees with non-lawyers, but this action is not pending in Salt Lake City.  *Id.*

---

[1] See Exhibit C, Website of Plaintiff's Counsel's Firm, which states that recovery will be split 50/50 between the firm and client, in violation of the 40% maximum set forth in Rules Regulating the Florida Bar 4-1.5.

5

Plaintiff's Counsel is not asking for fees on behalf of a Utah resident, nor are they in Utah. The Utah program only applies to Utah consumers of legal services. (See, Ex. B). Hence, the prayer for attorneys' fees is not the only concern. Plaintiff's Counsel may have a legal operation when it serves Utah citizens, but it is an unauthorized entity to practice in Florida.

The protections of the Rules Regulating the Florida Bar are for the benefit of the citizens of the state of Florida. Plaintiff is one of those citizens, and Florida prohibits Software Companies representing citizens of the state.

In Florida, the splitting of fees with non-lawyers is not a gray area. "This constitutes a "serious ethical transgression" in violation of the Rules Regulating the Florida Bar." *Johnson v. 27th Ave. Caraf, Inc.*, 9 F.4th 1300, 1309, (11th Cir. 2021). In fact, an entity registered with the Utah Supreme Court as a "Software Provider with lawyer involvement," is problematic on multiple levels when it attempts to play in a sandbox outside of Utah's Special Sandbox.

Utah is experimenting with the non-lawyer practice of law; however, this is not Utah, this is Federal Court in The Middle District of Florida. Utah may be allowed to lower the bar for its own citizens and courts, but Utah cannot lower the bar for the Federal Judiciary.

### III.     CONCLUSION

For the foregoing reasons, this Court should strike all prayers for attorney's fees in Plaintiff's Complaint, and bar any recovery of fees to Plaintiff's Counsel's Firm, in compliance with the Rules Regulating the Florida Bar and Florida law.

WHEREFORE, Defendant, by and through undersigned counsel, and in accordance with the Rules Regulating the Florida Bar 4-5.4, hereby moves that the Court strike the prayer for attorneys' fees Plaintiff seeks in the Complaint, and bar any economic benefit from going to Plaintiff's Counsel's Firm, as it is in violation of the Rules Regulating the Florida Bar, and Plaintiff's Counsel's Firm is not authorized to practice in Florida.

DATED: November 16, 2022.

    Respectfully submitted,

    LUBELL & ROSEN, LLC
    *Attorneys for Defendant*
    200 S. Andrews Ave, Suite 900
    Ft. Lauderdale, Florida 33301
    Phone: (954) 755-3425
    Fax:     (954) 755-2993
    E-mail: jhs@lubellrosen.com
           ged@lubellrosen.com

By: */s/ Joshua H. Sheskin*
    Joshua H. Sheskin, Esq.
    Florida Bar No.: 93028
    George E. Dahdal, Esq.
    Florida Bar No.: 1031644

## LOCAL RULE 3.01(g) CERTIFICATE OF CONFERRAL

**I HEREBY CERTIFY** that on November 16, 2022, Counsel for Defendant conferred with Counsel for Plaintiff. Plaintiff's Counsel has opposed the relief sought herein.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 16, 2022, I electronically filed the foregoing with the Court's CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

            By: */s/ Joshua H. Sheskin*
                Joshua H. Sheskin, Esq.
                Florida Bar No.: 93028
                George E. Dahdal, Esq.
                Florida Bar No.: 1031644