IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Christina Carraha,

    Plaintiff,

vs.

Weston Med Spa & Cosmetic Surgery, LLC,

    Defendant.

_____/

Case No. 6:22-cv-01755-WWB-EJK

**PLAINTIFF'S MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE
PLAINTIFF'S PRAYER FOR ATTORNEY'S FEES**

**I.    INTRODUCTION**

Plaintiff, Christina Carraha ("Christina"), is an individual who registered her number on the Do Not Call Registry ("DNCR") to stop receiving unwanted, unsolicited telemarketing text messages and calls. Nevertheless, some marketers, including Defendant, still persist in telemarketing to her. Defendant took advantage of contact information obtained from Christina through a visit to a physician to send her marketing of spa services from a separate company(ies) owned by the physician and/or his medical practice. Using an automated system, Defendant regularly sent telemarketing messages to Christina for several years, some of them even after she texted "stop" to opt out.

1

Plaintiff has filed a class action complaint alleging violations of multiple provisions of the Telephone Consumer Protection Act ("TCPA") and the Florida Telephone Solicitation Act ("FTSA"). The FTSA provides for recovery of attorney's fees for claims brought under that statute. Florida Statutes § 501.059(11). Accordingly, Plaintiff's complaint cited this provision in the prayer for relief to put Defendant on notice of that portion of the claim. Defendant has filed a Motion to Strike the attorney's fees claim from the complaint. That motion should be denied for several reasons. Defendant's counsel did not properly confer with Plaintiff's counsel prior to the motion. The motion is premised on inaccurate facts about Plaintiff's legal counsel and goes way beyond the pleadings in making the assertions. Contrary to the assertions of Defendant's counsel, LawHQ, P.C. is solely owned by a licensed attorney. Additionally, a motion to strike attorney's fees from a complaint is a premature resolution of a claim for fees.

II.   **ARGUMENT**

    A.   **Defense Counsel Did Not Properly Confer Before Filing this Motion**

Pursuant to Local Rule 3.01(g), before filing a motion, the movant must confer with the opposing party in "a good faith effort to resolve the motion." Several cases in this district have indicated that direct communication in person or on the phone is preferable to e-mail for conferral purposes. See *Essex Insurance Co. v. Barrett Moving & Storage, Inc.*, 2013 WL 12394150 (M.D. Fla. March 1,

2

2013); *Davis v. Apfel*, 2000 WL 1658575 (M.D. Fla. August 14, 2000); *Zenteno v. Bank of America, N.A.*, 2019 WL 7482201 (M.D. Fla. August 30, 2019) ("Correspondence alone does not satisfy the meet and confer requirement of Rule 37 or Rule 3.01(g)."). Most importantly, the conferral required by this rule means a substantive discussion must occur. *Nextgen Restoration, Inc. v. Octapharma Plasma, Inc.*, 2021 WL 8825279 at 1 (M.D. Fla. November 11, 2021).

Defense counsel failed to act in good faith here by failing to engage in a substantive discussion. The same day the motion was filed, on November 16, 2022, defense counsel sent an e-mail to Plaintiff's counsel.[1] However, the e-mail did not attach the proposed motion to strike that was filed later that day, nor did it provide a basis for the motion. With regard to the motion, the e-mail only stated:

> [P]lease let us know if you oppose the following relief:
> 1.   Dismissal/more definite statement
> 2.   Striking your prayer for attorneys' fees
>
> See Exhibit 1

In addition to asking for detail regarding the motion to dismiss, Plaintiff's counsel responded to the attorney's fee issue with the following: "there is specific statutory authority for fees, so I don't see a basis for you seeking to strike it." See Exhibit 1.

---

[1] Defendant's counsel also left a voicemail message that appeared to have also been left on the same day as the e-mail but received by Plaintiff's counsel later. The message did not even mention the type of motion and referred Plaintiff's counsel to the e-mail that was being sent.

This statement was clearly meant to elicit the substantive basis of the unseen motion for the purpose of having an actual conferral that would save judicial resources. Defendant's counsel refused to provide any specifics, stating only "[t]here is a lot, it is not one thing specifically." See Exhibit 1.

    From the e-mail response of Plaintiff's counsel, it should have been obvious that Plaintiff's counsel had no idea of the actual asserted basis of Defendant's motion. The response of Plaintiff's counsel to the inquiry makes clear that Plaintiff's counsel was assuming that the motion was premised on some challenge to the availability of attorney's fee awards under the Florida Telephone Solicitation Act. Plaintiff's counsel references the statutory authority set forth in that act, for which a pinpoint citation (Florida Statutes § 501.059(11)) was stated in paragraph H of the prayer portion of the complaint. (Docket 1, pg. 20.) However, defense counsel did not provide any information to resolve the issue. Defendant's counsel failed to communicate to Plaintiff's counsel the entirely different argument that his motion was premised on, and in doing so, failed to make a good faith effort at resolving the motion.

    Good faith conferral cannot be shown through parroting statutory language on a certificate and requires the moving party to engage in a two-way conversation to resolve the issue without judicial intervention. *Faynik v. Magical Cruise Company, Ltd.*, 2018 WL 7360669 at 5 (September 4, 2018). Here, Defendant's

counsel refused to engage in a two-way conversation. When he was asked for the basis of the relief he was seeking, Defendant's counsel did not give any specifics, suggesting that there was too much to discuss. However, if Defendant's counsel believed there was too much for him to type into an e-mail, he could have requested to speak on the telephone, or he could have simply provided a copy of the motion that was likely in final or near final form given that it was filed the same day. Attempts to confer that are not a meaningful or productive exchange do not satisfy the good faith requirement. *Evergreen Media Holdings, LLC v. Paul Rock Produced, LLC*, 2016 WL 11129534 at 3 (M.D. Fla. July 25, 2016). In the present case, there was no meaningful or productive exchange because Defendant did not provide any substantive basis for the motion. He did nothing more than ask for Plaintiff's claim for reimbursement of attorney's fees to be removed without stating any basis for his position.

Importantly, had defense counsel discussed this issue, defense counsel could have learned that his factual assumptions about LawHQ were incorrect.

  **B.  Defendant's Motion is Based on Incorrect Factual Assumptions**

LawHQ, P.C. is a law firm, organized as a professional corporation in Utah. As set forth in the Declaration of Thomas Alvord being filed contemporaneously with this memorandum, LawHQ, P.C. is fully owned by Thomas Alvord, who is a licensed attorney in the state of Utah. (Exhibit 2, ¶¶ 3-4.) LawHQ has attorneys

licensed in other jurisdictions, including the undersigned counsel, who is licensed by the Florida Bar and this Court. (Exhibit 2, ¶ 18.)

The state of Utah has a program allowing certain types of alternative legal structures, referred to as the "Sandbox." (Exhibit 2, ¶¶ 8-9.) Thomas Alvord applied for LawHQ to be part of the Sandbox because he at one time was considering various business models that might have involved non-lawyers that the Sandbox arrangement would have allowed. (Exhibit 2, ¶¶ 10-13.) At the time of application, Mr. Alvord included all the *potential* arrangements that he might pursue as a business model. (Exhibit 2, ¶¶ 12-13.)

Ultimately, Mr. Alvord did not ever pursue those business models that would have been allowed by being part of the Sandbox. (Exhibit 2, ¶¶ 14-15.) LawHQ, LLC has not ever had nonlawyer ownership. (Exhibit 2, ¶ 5.) LawHQ has never shared or split fees with nonlawyers. (Exhibit 2, ¶ 6.)

The listings on any Utah websites about LawHQ having nonlawyer ownership or other alternative structures are based only on information on LawHQ's application to the Sandbox and not on what LawHQ has done in practice. Accordingly, because the premises of Defendant's motion are incorrect, the motion must be denied.

### C. The Motion to Strike Improperly Relies on Allegations Outside the Pleadings

FRCP 12(f) allows a court to strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The standard for striking is strict. *In re Catanella and E.F. Hutton and Co., Inc. Securities Litigation*, 583 F.Supp. 1388 (E.D. Pa. April 9, 1984). Immateriality has been defined as matters that "have no value in developing issues of a case. *Id.* The purpose of a motion to strike is to clean up pleadings and avoid unnecessary forays into immaterial matters. *Schmidt v. Life Ins. Co. of North America*, 289 F.R.D. 357, 358 (M.D. Fla. October 2, 2012).

Motions to strike are generally disfavored by the Courts. *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir.1991). Striking a pleading is a "drastic remedy to be resorted to only when required for the purposes of justice." *Augustus v. Bd. of Pub. Instruction of Escambia County, Fla.,* 306 F.2d 862, 868 (5th Cir.1962). A motion to strike should only be granted if the matter sought to be omitted has "no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *S.Y. v. Naples Hotel Company*, 476 F.Supp.3d 1251, 1259 (M.D. Fla. August 5, 2020).

In considering a motion to strike, a court cannot consider matters beyond the pleadings. *Sai Hospitality Management Company, LLC v. Rockhill Insurance Company*, 2021 WL 463812 at 2 (M.D. Fla. February 9, 2021); *Antoniou v.*

7

*Thiokol*, 849 F.Supp. 1531, 1533 (M.D. Fla. March 28, 1994) ("[M]atters outside the pleadings, such as affidavits or depositions must be disregarded in an analysis under a Rule 12(f) motion to strike.")

In the present case, the complaint simply requests reimbursement for attorney's fees for the claims brought under the FTSA, which is provided for specifically in that statute. See Florida Statutes § 501.059(11). Defendant's motion does not demonstrate that Plaintiff could not be entitled to such fee reimbursement if she prevails under one of more of her FTSA claims. Rather, Defendant's motion relies on unauthenticated items without any foundation or context. Such items are well outside the pleadings. Accordingly, the motion must be denied.

D.   **Defendant's Motion to Strike is Premature**

Defendant has a motion to dismiss pending and has not yet answered the Complaint. Pending at the same time is this motion, Plaintiff's Motion to Strike Plaintiff's Prayer for Attorney's Fees. Defendant's motion is extremely premature. Numerous cases have determined that the pleading stage is too early to resolve issues of attorney's fees. *Maletta v. Woodle*, 2021 WL 1894023, at 7 (M.D. Fla. May 11, 2021); *Woods v. Deangelo Marine Exhaust, Inc.*, 2009 WL 10667032, *1 (S.D. Fla. Apr. 20, 2009) ("Plaintiffs' motion to strike defendant's prayer for attorney's fees is premature. The entitlement to attorney's fees is more efficiently litigated after the merits of the underlying dispute have been determined.");

*Caballero v. AAA Diversified Servs., Inc.*, 2010 WL 3222108, at1 (M.D. Fla. July 27, 2010) ("Because Defendants' ability to prove a set of facts demonstrating their entitlement to attorney's fees cannot be determined at this time, it would be premature to strike their request for attorney's fees."); *Latell v. Santander Bank*, 2015 WL 1880687, at 4 (M.D. Fla. Apr. 24, 2015); *Commodores Ent. Corp. v. McClary*, 2015 WL 470591, at 2–3 (M.D. Fla. Feb. 4, 2015) ("The Court will determine the question of entitlement at a later stage of the proceedings.")

One case even refused to strike a pleading for attorney's fees brought by a pro se plaintiff. *Mech v. Sch. Bd. of Palm Beach Cnty.*, 2014 WL 505163, at 4 (S.D. Fla. Feb. 7, 2014). In doing so, the Court was effectively recognizing that circumstances change within the pendency of a case. A pro se plaintiff may still retain counsel at some point in time. Indeed, the paragraph at issue in *Mech* had only worded the attorneys fee request in the alternative, stating "[t]o date, Plaintiff has not retained counsel but, if he does, he will seek reasonable attorney's fees." *Id.* Just as the *Mech* court could not say that a pro se plaintiff will never have an attorney that would entitle the plaintiff to seek fee reimbursement, in the present case, it is premature to rule conclusively on Plaintiff's claim for attorney's fees.

### III.  CONCLUSION

The pleading stage is too early to determine whether Plaintiff would be entitled to recover attorney's fees. The motion improperly goes outside the

pleadings, which is not allowed on a motion to strike. The motion itself is premised on inaccurate information regarding LawHQ, P.C., which is something that Defendant could have learned before the motion was filed if its counsel had truly engaged in a good faith conferral. For these reasons, Defendant's Motion to Strike Plaintiff's Prayer for Attorney's Fees must be denied.

Dated: November 30, 2022

/s/ *John Kauffman*
John Kauffman
Fl. Bar # 538205
LawHQ, PC
299 S. Main St. #1300
Salt Lake City, UT 84111
Telephone: (385) 285-1090
john.kauffman@lawhq.com

*Attorney for Plaintiff*

10