# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**CHRISTINA CARRAHA,**

      **Plaintiff,**

v.                                                                          Case No: 6:22-cv-1755-WWB-EJK

**WESTON MED SPA & COSMETIC SURGERY, LLC,**

      **Defendant.**

## ORDER

This cause comes before the Court on Defendant's Motion to Strike Plaintiff's Prayer for Attorneys' Fees (the "Motion") (Doc. 12; *see also* Doc. 16), filed November 16, 2022. Plaintiff has responded in opposition. (Doc. 13.) Upon consideration, the Motion is due to be denied without prejudice.

**I.     BACKGROUND**

This is a putative class action case brought by Plaintiff for Defendant's alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and Florida's corollary statute, the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059. (Doc. 1.) Defendant moved to dismiss Plaintiff's Complaint, or in the alternative, for a more definite statement.[1] (Doc. 11.) On the same day Defendant moved to dismiss the Complaint, Defendant also filed the instant Motion. Therein,

---

[1] The Motion to Dismiss remains pending.

Defendant moves to strike Plaintiff's prayer for attorneys' fees in the Complaint (Doc. 1) and bar Plaintiff's counsel's firm from being granted attorneys' fees as violative of Rule 4-5.4 of the Rules Regulating the Florida Bar.

## II.   STANDARD

Pursuant to Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A motion to strike should only be granted if "the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995).

## III.   DISCUSSION

Plaintiff's Complaint seeks "[a]n award of reasonable attorney fees and costs pursuant to Florida Statutes § 501.059(11)." (Doc. 1 at 20.) Defendant asserts that this claim should be stricken because Plaintiff's counsel's Utah-based law firm splits fees with non-lawyers, in violation of the Rules Regulating the Florida Bar. (Doc. 12); RRTFB 4-5.4(a) ("A lawyer or law firm shall not share legal fees with a nonlawyer . . . .").[2] Defendant asserts that, should Plaintiff succeed on the merits of her claim, the award of attorneys' fees would "inevitably pour into the non-lawyers in [the] firm." (Doc. 12 at 5.)

---

[2] In addition to part (a), Defendant asserts arguments that the claim for attorneys' fees should be stricken under parts (c) and (e) of Rule 4-5.4.

Plaintiff asserts several arguments in response. First, Plaintiff states that Defendant failed to confer by telephone prior to filing the Motion pursuant to Local Rule 3.01(g). (Doc. 13 at 2–5.) Second, Plaintiff argues that Defendant's Motion is premised on inaccurate facts about Plaintiff's counsel's law firm; specifically, Plaintiff notes that Plaintiff's counsel's law firm is wholly owned by a licensed Utah attorney. (*Id.* at 5–6.) Third, Plaintiff states that the Motion improperly relies on allegations outside the pleadings. (*Id.* at 7–8.) Finally, Plaintiff asserts the Motion is premature prior to a finding that Plaintiff is entitled to fees. (*Id.* at 8–9.)

The undersigned has reviewed each of Plaintiff's arguments and finds the last persuasive here. Plaintiff has a statutory basis for her request for attorney's fees in her Complaint. Fla. Stat. § 501.059(11)(a). Moreover, Plaintiff has not yet been awarded fees in this action, so the request to strike it is premature at this stage in the litigation. *Maletta v. Woodle*, No: 2:20-cv-1004-JES-MRM, 2021 WL 1894023, at *7 (M.D. Fla. May 11, 2021) ("As to the motion's request to strike the Amended Complaint's demand for attorney's fees, the Court finds it premature and will deny it without prejudice.")

IV. **CONCLUSION**

Accordingly, it is **ORDERED** that Defendant's Motion to Strike Plaintiff's Prayer for Attorneys' Fees (Doc. 12) is **DENIED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** in Orlando, Florida on February 3, 2023.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE