UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CHRISTINA CARRAHA,**

      **Plaintiff,**

v.                                     Case No: 6:22-cv-1755-WWB-EJK

**WESTON MED SPA & COSMETIC SURGERY, LLC,**

      **Defendant.**

## ORDER

This cause comes before the Court on Defendant's Unopposed Motion for HIPAA Confidentiality and Qualified Protective Order and for Leave to Submit a Proposed Order (the "Motion") (Doc. 25), filed March 14, 2023. Upon consideration, the Motion is due to be denied without prejudice.

This is a putative class action against Defendant, alleging violations of the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227, and the regulations promulgated thereunder, 47 C.F.R. § 64.1200, as well Florida's TCPA analogue, Fla. Stat. § 501.059. (Doc. 1.) In the Motion, Defendant asserts that certain protected health information ("PHI") within the meaning of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") forms part of the relevant evidence in this case. (Doc. 25 at 2.) Defendant therefore requests that this Court enter a HIPAA Qualified Protective Order to enable the parties to exchange PHI and to

issue subpoenas to those in possession of PHI in accordance with HIPAA. (*Id.*) Attached to the Motion is a proposed order. (Doc. 25-1.)

Part 45 C.F.R. § 164.512(e)(1) provides that a "covered entity" can disclose PHI in a judicial proceeding if the entity receives assurances that "[t]he parties . . . have agreed to a qualified protective order and have presented it to the court . . . or [t]he party seeking the [PHI] has requested a qualified protective order from [the] court." 45 C.F.R. § 164.512(e)(1)(iv)(A)–(B). The regulation defines a qualified protective order as "an order of a court . . . *or a stipulation by the parties to the litigation*," which prohibits the disclosure of PHI for a non-litigation purpose and directs either the return or destruction of the PHI at the conclusion of the litigation. *Id.* § 164.512(e)(1)(v)(A)–(B) (italics added). The Case Management and Scheduling Order provides that "[t]he Court discourages unnecessary stipulated motions for a protective order." (Doc. 20 at 5.) Further, "[t]he Court will enforce stipulated and signed confidentiality agreements." (*Id.*)

It appears from the Court's review of the proposed order that Plaintiff and Defendant seek assurance from the Court that they can use and disclose to third parties, such as experts and witnesses, all PHI in this litigation. (Doc. 25-1.) But Defendant does not adequately explain how Plaintiff and Defendant are "covered entities" such that the provisions of HIPAA apply to them. Moreover, the Motion does not address whether a stipulation between the parties would be insufficient in light of HIPAA. Therefore, the Court will deny the Motion without prejudice. The parties may present a renewed motion setting forth legal authority in support of their position

if they so choose. Further, if the parties cannot agree upon language that would comply with HIPAA, the party in possession of the protected information may file a motion that addresses the disagreement.

Accordingly, it is **ORDERED** that Defendant's Unopposed Motion for HIPAA Confidentiality and Qualified Protective Order and for Leave to Submit a Proposed Order (Doc. 25) is **DENIED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** in Orlando, Florida on March 28, 2023.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE